**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| KEITH WESTMEIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 4:10-cv-046-TWP-WGH |
| | ) | |
| MEIJER GROCERY STORE, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Defendant's Motion to Compel Arbitration**

Meijer, Inc. employed Keith Westmeier from October 27, 2006, through May 18, 2009. Westmeier alleges that in terminating his employment, Meijer violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. Meijer moves to compel arbitration and stay this action under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 (1947).

**Background**

Meijer hired Westmeier on October 27, 2006. When Westmeier applied for employment with Meijer, he electronically signed an online application by typing his name in the signature field and checking a box verifying his electronic signature. The employment application contained the following language:

> If I am hired into or later transferred or promoted to a non-bargaining unit position, I agree to arbitrate any claim, controversy, dispute or complaint arising out of or relating to the termination of my employment under any company arbitration policy and/or procedure which exists at the time of the termination of my employment and for which I am eligible.

Meijer hired Westmeier as a part-time, hourly food clerk, a bargaining unit position. At the time, Meijer had a Dispute Resolution Policy ("DRP") in effect for employees who were not in bargaining unit positions. The DRP did not apply to Westmeier at the time he was hired because his position was a bargaining unit position and his employment was governed by a collective bargaining agreement. On about May 27, 2007, Meijer promoted Westmeier to Grocery Team Leader, a non-bargaining unit, management position. Meijer later transferred Westmeier to Third-shift Stocking Team Leader, also a management position. Meijer terminated Westmeier's employment on May 18, 2009, for violating certain company policies. After filing a charge with the Equal Employment Opportunity Commission and receiving a right to sue letter, Westmeier filed this lawsuit. Meijer moved to compel arbitration.

## Discussion

The FAA, 9 U.S.C. § 1 (1947), provides that "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement" may petition any federal district court, which would otherwise have jurisdiction over the underlying matter, "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. "In order to determine whether a claim is arbitrable, the court must examine (1) whether a valid and enforceable arbitration agreement exists; (2) whether the claims fall within the scope of the agreement; and (3) whether there has been a waiver." *DeGroff v. MasoTech Forming Tech.*, 179 F.Supp.2d 896, 902 (N.D. Ind. 2001). Because there is no argument that Meijer waived its right to enforce the agreement to arbitrate, the court will not address this element.

### *Did the Parties Agree to Arbitrate?*

Whether the parties agreed to arbitrate is a matter of state contract law, in this case the law of Indiana. *See Hawkins v. Aid Ass'n for Lutherans,* 338 F.3d 801, 806 (7th Cir. 2003). Indiana recognizes a strong policy favoring the enforcement of arbitration agreements. *Harlow v. Parkevich,* 868 N.E.2d 822, 826 (Ind. Ct. App. 2007).

Meijer asserts that Westmeier agreed to arbitrate when he electronically signed the employment application, which provided that if he were hired into or transferred to a non-bargaining unit position, he would submit to arbitration any claim, controversy, dispute, or complaint arising out of the termination of his employment. While Westmeier was originally hired for a bargaining unit position, he was transferred to a non-bargaining unit position. Thus, according to the terms of his employment application, he agreed to submit claims relating to the termination of his employment to arbitration.

For an agreement to be enforceable, not only must both parties agree to it, but both parties must also give some consideration. "Indiana courts have used both a benefit-detriment and a bargained-for-exchange approach in defining consideration; the courts look for a promisor receiving a benefit or a promisee suffering some detriment, which was bargained-for in exchange for the promise." *Flynn v. AerChem, Inc.*, 102 F.Supp. 2d 1055, 1060 (S.D. Ind. 2000). Here, Meijer offered the following consideration in return for Westmeier's consent to arbitration: (1) its reciprocal promise to be bound by the Arbitration Agreement; and (2) its promise of just cause employment. This is sufficient consideration to support the agreement to arbitrate.

The court's conclusion, from the foregoing, is that Westmeier and Meijer agreed to arbitrate.

### *Is Westmeier's Claim within the Scope of the Agreement to Arbitrate?*

Because the court has found that the parties agreed to arbitrate certain claims, the court must consider whether the claims in this case must be arbitrated. This depends on the terms of the parties' agreement.

Arbitration Rule 1 in the DRP, entitled "Claims Subject to Arbitration," provides:

> Except as otherwise limited in these Arbitration Rules, all claims that arise out of or relate to the team member's employment and/or separation from employment with Meijer and that concern legally protected rights for which a court would be authorized by law to grant relief are subject to arbitration.

Rule 1 also gives specific examples of claims subject to arbitration and includes "claims of employment discrimination, harassment or failure to accommodate, including but not limited to claims based on race, sex, age, national origin, religion, physical or mental disability and marital status." Rule 1 specifically identifies claims under Title VII and 42 U.S.C. § 1981 as subject to arbitration.

Westmeier's claims are brought under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. These types of claims are directly identified as arbitrable under the Dispute Resolution Policy. They are accordingly within the scope of that policy.

## Conclusion

For the foregoing reasons, Meijer's motion to compel arbitration and stay proceedings (dkt 8) is **granted.** The parties are **ordered** to pursue arbitration in accordance with the Dispute Resolution Policy.

When an issue in the proceedings is subject to arbitration under the FAA, the statute provides that a trial court "shall on application of one of the parties stay the trial of the action until such arbitration has been held[.]" 9 U.S.C. § 3. The action is therefore **stayed,** and pending resolution of the arbitration proceedings, this case will be **administratively closed.**

**IT IS SO ORDERED.**

Date: 12/07/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey Scott Rueble
MEIJER - LEGAL DEPARTMENT
rueblej@meijer.com

Keith Westmeier
3374 Wooded Way
Jeffersonville, IN 47130